# F. W. LOHRENZ and Others v. MARCUS NELSON.[1]

October 17, 1913.

Nos. 18,468—(71).[2]

New trial.

New trial granted because of absence of evidence that plaintiffs had any title to the property to recover which this action of replevin was brought. [Reporter].

Action in replevin in the district court for Aitkin county. The case was tried before Stanton, J., who denied defendant's motion for a directed verdict and a jury which returned a verdict in favor of plaintiffs, and assessed the value of the property at $72. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Order denying judgment affirmed and order denying a new trial reversed.

Louis Hallum, for appellant.

E. H. Krelwitz, for respondents.

PER CURIAM.

Action in replevin to recover possession of certain cord wood. Plaintiff had a verdict and defendant appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiffs cut mixed cord wood and other timber upon a certain 80-acre tract

[1] Reported in 143 N. W. 268.      [2] October, 1913, term calendar.

of land for Charles Ward and Anthony Bosco. They filed liens upon the wood and timber for so much of their pay as remained unpaid, obtained judgments thereon, and, under executions issued upon such judgments, 80 cords of mixed cord-wood located upon this land were sold to plaintiff Ford, and 85 cords of such cord-wood located thereon were sold to plaintiffs Lohrenz & Lohrenz. The evidence discloses that there were several piles of cord-wood upon this land, but does not disclose the number of cords thereon, nor to whom any of it belonged. Defendant Nelson was not a party to the suits in which the liens were foreclosed, nor concerned therein in any way so far as the record shows, and hence is not bound by the result of those proceedings.

He hauled away certain cord wood piled upon this land, and plaintiffs claiming to own it brought this action. They offered no evidence of title, except the record in the lien proceedings and the sheriff's return upon the executions.

There is not a scintilla of evidence that any of the wood taken by defendant was part of the wood upon which plaintiffs had a lien, or part of the wood sold to them under the execution sales. It appears that the wood claimed by them and the wood hauled by defendant was piled upon the same 80-acre tract of land. Nothing more. It does not even appear that the wood taken by defendant was cut upon that land. Neither does it appear that either Ward or Bosco ever had or claimed any interest in it or ever had anything to do with it.

There is an utter absence of any evidence tending to identify the wood taken by defendant as the wood involved in the lien proceedings or sold under the executions. As the burden is upon plaintiffs to identify the wood claimed by them and establish their title thereto, the verdict cannot be sustained. Another trial may supply the missing evidence, and for that reason the order denying judgment notwithstanding the verdict is affirmed, but the order denying a new trial is reversed and a new trial granted.